UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Isaac Hodge,   Case No. 17-cv-1783 (PAM/TNL)

      Petitioner,

v.   **MEMORANDUM AND ORDER**

United States of America,

      Respondent.

---

This matter is before the Court on the Government's Motion to Dismiss the Petition for a Writ of Habeas Corpus. (Docket No. 7.) Petitioner Isaac Hodge filed a timely response. (Docket No. 8.) For the following reasons, the Motion is granted and the Petition is dismissed.

**BACKGROUND**

In 2012, Petitioner Isaac Hodge pleaded guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. United States v. Hodge, No. 12-cr-7 (RHK), Docket No. 6 (D. Minn. filed Jan. 12, 2012). The parties agreed to a 90-month prison sentence, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Hodge waived his right to appeal and his right to collaterally attack his conviction or sentence under 28 U.S.C. § 2255. The Court sentenced Hodge to 90 months in prison. Hodge did not appeal his conviction or sentence.

In 2014, Hodge filed a motion to vacate his sentence under 28 U.S.C. § 2255. The Court enforced his waiver and denied the motion. Hodge, No. 12-cr-7 (RHK), Docket

No. 20 (D. Minn. filed Apr. 14, 2015). Hodge sought permission to file a second or successive § 2255 motion in 2016, but the Court of Appeals denied that request. Hodge v. United States, No. 16-2037 (8th Cir. Mar. 23, 2017).

Hodge filed this § 2241 Petition on May 26, 2017. (Docket No. 1). He argues that he has newly discovered evidence that he is actually innocent because his trial counsel failed to recognize that he was convicted and sentenced under the incorrect statute.

**DISCUSSION**

A federal prisoner has two options when pursuing postconviction relief. First, the prisoner may challenge the validity of his conviction or sentence by bringing a motion to vacate the sentencing judgment under 28 U.S.C. § 2255. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Second, the prisoner may challenge the execution of a sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Typically, the exclusive remedy for a collateral attack on the validity of a conviction or sentence is a § 2255 motion, and a prisoner cannot evade § 2255's procedural restrictions by raising that type of claim in a § 2241 petition. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Hodge's claim is properly brought as a § 2255 motion, not a § 2241 petition, because he challenges the validity of his conviction and sentence. But he has already brought a § 2255 motion, and the Court of Appeals barred him from bringing a second or successive § 2255 motion. Thus, this Court may exercise jurisdiction over the Petition only if § 2255's savings clause applies.

"The savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence." Lopez-Lopez v. Sanders, 590 F.3d 905, 907 (8th Cir. 2010) (citing 28 U.S.C. § 2255(e)). "[I]n order to establish [that] a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). And "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.

Here, Hodge had a prior opportunity to present this claim though a § 2255 motion. Although he waived his post-conviction rights in the plea agreement, he was nevertheless free to challenge his sentence as illegal. See Ackerland v. United States, 633 F.3d 698, 702 (8th Cir. 2011) ("[A]n otherwise valid waiver of post-conviction rights or appeal rights does not prevent a defendant from attacking 'an illegal sentence.'" (quoting United States v. Andis, 333 F.3d 886, 891-92 (8th Cir. 2003) (en banc); DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000))). Hodge cannot establish that § 2255 is inadequate or ineffective to test the legality of his conviction.

The savings clause of § 2255 is jurisdictional. Hill, 349 F.3d at 1091. In other words, unless § 2255's savings clause applies, this Court lacks jurisdiction to consider a challenge to Hodge's conviction or sentence in a § 2241 petition. The Court therefore lacks jurisdiction to consider Hodge's claim. Hodge's attempt to disguise this § 2255 claim as a § 2241 petition fails, and this Petition must be dismissed.

Hodge contends that § 2255 is inadequate or ineffective because he is actually innocent. However, even if the collateral attack on his conviction and sentence was procedurally proper, Hodge is not actually innocent. "[H]abeas corpus petitions that advance a substantial claim of actual innocence are extremely rare." Schlup v. Delo, 513 U.S. 298, 321 (1995). And "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).

To succeed on a claim of actual innocence, a petitioner must (1) support his allegations of constitutional error "with new reliable evidence" and (2) establish "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Bowman v. Gammon, 85 F.3d 1339, 1346 (8th Cir. 1996) (quoting Schlup, 513 U.S. at 324, 327); see Bousley, 523 U.S. at 624 ("In cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges."). Evidence is new "only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999) (quoting Amrine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc)). Hodge does not direct the Court to any evidence that was not already available or could not have been discovered through the exercise of due diligence. Rather, he claims that the facts elicited at the plea hearing do not support application of a twenty-year statutory maximum sentence under 21 U.S.C. § 841(b)(1)(C). He has not demonstrated actual innocence to overcome the procedural barriers to his Petition.

**CONCLUSION**

Hodge failed to establish that § 2255 was inadequate or ineffective to test the legality of his conviction, and the Court therefore lacks jurisdiction over this Petition. Accordingly, **IT IS HEREBY ORDERED that**:

1. Hodge's Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 21, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge